1  **ROBERT MANN**, CSB 48293
**DONALD W. COOK**, CSB 116666
2  ATTORNEYS AT LAW
3435 Wilshire Blvd., Suite 2900
3  Los Angeles, CA 90010

4  (213) 252-9444 • (213) 252-0091 fax
manncook@earthlink.net
5
Attorneys for Plaintiff
6

7

8  ## UNITED STATES DISTRICT COURT

9  ## CENTRAL DISTRICT OF CALIFORNIA

10

11  DONALD CLAYTHON FULLER, JR.,         Case No. CV 04-6851SVW
                                        (PJWx)
12          Plaintiff,
                                        **NOTICE OF MOTION AND
13  vs.                                 PLAINTIFF'S MOTION TO
                                        SET ASIDE THE AWARD OF
14  COUNTY OF ORANGE, et. al.,          COSTS TO DEFENDANTS**

15          Defendants.                 Date: 9/14/09
                                        Time: 1:30 p.m.
16                                      Ctrm: 6

17

18

19  TO DEFENDANTS AND THEIR ATTORNEYS OF RECORD HEREIN:

20

21      PLEASE TAKE NOTICE THAT on Monday, September 14, 2009, at 1:30 p.m.,

22  or as soon thereafter as the parties may be heard, in Courtroom 6 of the above entitled

23  court, located at 312 North Spring Street, Los Angeles, California, plaintiff will move the

24  Court to set aside the clerk's order, filed August 4, 2009, awarding costs, and to enter an

25  order awarding no costs in favor of defendant.

26      This motion will be pursuant to Local Rule 54-9, and will based upon this Notice,

27  the accompanying Memorandum of Points and Authorities, all the papers and pleadings

28

00047373.WPD

on file on this action; and upon such other and further evidence and argument as the Court deems necessary or convenient.

DATED: August 11, 2009

**ROBERT MANN**
**DONALD W. COOK**
Attorneys for Plaintiff

/S/ Donald W. Cook

By_____
           Donald W. Cook

00047373.WPD

## I.    DEFENDANTS ARE NOT ENTITLED TO COSTS.

On June 4, 2009, defendants filed a proposed judgment with the Court.  Included in that judgment on page 3, lines 4-5, it stated, "Defendant County of Orange is entitled to costs and disbursements in the amount of $____."  On June 30, 2009, when this Court signed defendants' proposed judgment, the Court crossed out that sentence, presumably to mean defendants should not be awarded costs.  The Judgment is attached hereto as **Exhibit A**. It is within the Court's discretion to deny costs to the prevailing party**.** *Association of Mexican-American Educators v. State of California*, 231 F.3d 572, 591 (9th Cir. 2000) (citing *National Info. Servs., Inc. V. TRW, Inc.*, 51 F.3d 1470, 1471 (9th Cir. 1995)).  Further, many of the reasons that courts have previously identified for refusing to award costs to prevailing parties apply to Mr. Fuller's case: (1) the losing party's financial resources, (2) the great economic disparity between the parties, (3) the chilling effect of imposing such high costs on future civil rights litigants, (4) misconduct on the part of the prevailing party, (5) the case involves issues of substantial public importance, (6) the issues in the case are close and difficult, (7) the plaintiff's case, although unsuccessful, had some merit, and (8) the good faith of the losing party.  *Ass'n of Mexican-American Educators, supra* at 591-92 citing *National Organization for Women v. Bank of Cal*., 680 F.2d 1291, 1294 (9th Cir. 1982); *Wrighten v. Metro Hospitals, Inc.*, 726 F.2d 1346, 1358 (9th Cir. 1984); *Moore v. Hughes Helicopters, Inc.*, 708 F.2d 475, 486 (9th Cir. 1983); *Stanley v. University of Southern California*, 178 F.3d 1069, 1079-80; *Teague v. Bakker*, 35 F.3d 978, 997 (4th Cir. 1994).  In fact, since November 2008, at least two judges in the Central District have agreed that in cases such as this one, plaintiffs who have not won their cases should not be forced to pay defendants' costs because such an award would be unfair.  Attached hereto as **Exhibits B & C** are the Court's Orders in *Salazar v. Schwarzenegger*, case no. CV 07-0184 SJO(VBKx) and *Bravo v. City of Santa Maria*, case no. 2:06-CV-6851 FMC(SHx).  In both of those cases, plaintiffs lost on summary judgment.

00047373.WPD

Therefore, in denying defendants costs in this case, the Court's reasoning was sound and its discretion was not abused.

Despite the Court's specificity in the judgment, on July 10 defendants filed a Bill of Costs and set it for hearing before the clerk on July 30.  Upon receipt of that, plaintiff's counsel wrote to defense counsel pointing out that they were not entitled to costs.  A true and correct copy of the July 16, 2009 letter from Koerner to Sprenger is attached hereto as **Exhibit D.**  Defense counsel did not respond to counsel's letter.

Plaintiff filed opposition to the Cost Bill on July 23.  In addition to citing the Judgment in which the Court specifically crossed out the provision for costs when it signed the judgment, plaintiff also pointed out that the judgment for which defendants were awarded costs in 2006, upon which they based the majority of their cost bill, was reversed by the Ninth Circuit. See Memorandum, attached hereto as **Exhibit E** ("Because we reverse the district court's grant of summary judgment for the Defendants and remand for further proceedings, Fuller's contention on appeal that the district court erred in denying his motion to retax costs is moot.").  Defendants are therefore not entitled to those costs either.

Despite the Court's judgment, on August 4, the clerk awarded costs to defendant County in the amount of $1,014.31.  This amount represented a portion of the costs requested for work since reversal by the ninth Circuit, but not the costs awarded before the case went up on appeal.  The parties can only guess as to the clerk's  reason for awarding costs because the clerk took the hearing off calendar and issued the order without one.

DATED: August 11, 2009

**ROBERT MANN**
**DONALD W. COOK**
Attorneys for Plaintiff

/s/ Donald W. Cook

By_____

Donald W. Cook

00047373.WPD